# JOHN BULMER

### v.

## WILLIAM WORTHING ET AL.

PRACTICE—BILL OF EXCEPTIONS.—Where the bill of exceptions does not purport to contain all the evidence, it must be presumed that there was evidence sufficient to sustain the finding.

APPEAL from the County Court of Grundy county; the Hon. SAMUEL B. THOMAS, Judge, presiding. Opinion filed January 17, 1879.

Messrs. HALEY & O'DONNELL, for appellant; that on appeals from a justice the trial is *de novo*, cited Waterman v. Bristol, 1 Gilm. 593; Tindall v. Meeker, 1 Scam. 137; Frye v. Tucker, 24 Ill. 181; Rev. Stat. 1877, Chap. 79, § 74; Webb v. Lasater, 4 Scam. 544; Thompson v. Sutton, 51 Ill. 213.

Objections to the admission of testimony must be made in the court below: Gardner v. Eberhart, 82 Ill. 316; People v. Gray, 72 Ill. 343; Johnson v. Adleman, 34 Ill. 265; Hanford v. Obrecht, 49 Ill. 146; Powell v. Feeley, 49 Ill. 143.

When specific objections are made, none of which are tenable, others will be regarded as waived: Wickenkamp v. Wickenkamp, 77 Ill. 92; Litieich v. Mitchell, 73 Ill. 603; Snyder v. Lafromboise, Breese, 343; Karnes v. The People, 73 Ill. 279.

Messrs. Jordan & Stough, for appellees; upon the question of set-off, and what may be allowed, cited Newhall v. Turney, 14 Ill. 338; Griggs v. James et. al. Breese, 143; Hinckley v. West, 4 Gilm. 136; Burgwin v. Babcock, 11 Ill. 28; Hilliard v. Walker, 11 Ill. 644; Ryan v. Barger, 16 Ill. 28.

As to consolidation of suits before justices: Lathrop v. Hayes, 57 Ill. 279; Brookbank v. Smith, 2 Scam. 78; Rev. Stat. 1874, 645, § 49.

Per Curiam. This case was commenced before a justice and appealed to the County Court, where upon trial a judgment was rendered in favor of plaintiffs, and defendant appealed to this court.

The bill of exceptions in this case does not purport to contain all the evidence introduced in the court below, hence we must presume that the evidence was sufficient to sustain the finding.

Judgment affirmed.